ROGERS, Plaintiff in Error, *vs.* CARVER & ANOTHER, Defendants in Error.

1. The trustees of a school district are not personally liable on a note executed by their predecessors in office, in their own names, to a teacher for services.

### *Error to Pike Circuit Court.*

Action commenced before a justice of the peace, against Carver and Douglass, described in the summons as trustees of Cave Spring district No. 3, township 53, range 3, upon the following note :

" $75. Four months after date, we, the undersigned, trustees of school district No. 3, township 53, range 3 west, Pike county, Mo., promise in our name of office to pay A. P. Rogers, or order, seventy-five dollars, for teaching school three

months in the district above mentioned, to be paid out of any school moneys that we may have on hand, or that may be accessible to us, or out of moneys raised in any other way for that purpose. Given under our hands this the 29th day of November, 1853.    " JAMES M. FRIER,    } Trustees."
" WM. M. BRANDON,

At the trial in the Circuit Court, on appeal, it was agreed that the note was executed by Frier & Brandon, two of the trustees of the district, to plaintiff, for services as teacher, the other trustee and a part of the inhabitants of the district objecting to their right to employ him as teacher; that the school was taught; that at the time of the contract and of the teaching of the school, there were no school funds in the hands of the trustees, and none coming to the district until February of the next year; and that the defendants were elected trustees of said district on the first Saturday in December, 1853, and immediately qualified. Upon these facts, the Circuit Court found for the defendant.

*Broadhead*, for plaintiff in error. 1. The trustees of the school district were a corporation. 2. Frier & Brandon were authorized to make the contract sued on in their name of office as trustees of the district. 3. The school district is responsible for the debt created by the first board of trustees for the benefit of the district. 4. The suit is properly brought against the trustees in office at the institution of the suit, they being the officers to transact the business of the district, and the only corporate name by which the inhabitants of the district are known. (School Law of 1845, p. 37, art. 4, § 18, 19, 26, 32, 44, 54. Grant on Corporations, p. 6, and note.)

*S. F. Murray*, for defendant in error.

SCOTT, Judge, delivered the opinion of the court.

It is clear that the judgment of the Circuit Court is correct. It appears from the docket of the justice, that this was a personal proceeding against the defendants. They were not sued

as a corporation, but as individuals, and that, too, on a note not signed by themselves, but by others.

Whether the individuals who signed the note are personally liable for it, is not a question now before us. The note is in words that forbid the construction that it will devolve in a course of succession. If the individuals who subscribed their names to it are not liable to be sued on it, nobody is. In contracting under the act of 24th February, 1853, (Sess. Acts, p. 147,) the trustees should use their name, which it may be inferred would be, "The Board of Trustees of School District No. ——," describing the district by its range and township. If the name is misdescribed, it would be a question of law how far the mistake affected the contract.

The facts as agreed are not sufficient to enable us to determine how far the funds coming to the hands of the existing trustees, are liable for the debts contracted by their predecessors. Our opinion must be confined to the facts contained in the record, and we are not permitted to declare the law in cases that may be supposed.

The other judges concurring, the judgment will be affirmed.